The next matter on our calendar is Peter Albert and Rebecca Drill v. Starwood Hotels. Your Honor, my name is Louis Chimes from the lawsuit of Louis Chimes LLC and I represent the plaintiffs Peter Albert and Rebecca Drill in this appeal. Your Honor, the issue in this case is what law should be applied in circumstances where a Massachusetts resident, which is Mr. Albert and Ms. Drill, with a long-standing relationship with a large international hotel chain, Starwood, based in Connecticut, is seriously injured in Mexico during a five-day vacation at a resort managed by the defendants. The district court determined that Mexican law applied in granted summary judgment in favor of the defendants. In this case, I would submit that the trial court made several significant errors in its conflict analysis and reached the wrong conclusion. At the outset, this is a diversity case and Connecticut, which is a district court, applies Connecticut's choice of law rules and Connecticut applies the misstatement, most significant interest tests. The most significant error made in its decision by the trial court was that it never took into account Massachusetts interests. Didn't the judge say that Massachusetts and Connecticut had similar tort laws? Your Honor, it never... No, in fact, what he said was... I had said that there is no conflict between Connecticut law and Massachusetts law, and so if the most significant interest was Massachusetts, then the district court could apply Connecticut law. It did not need to because there was no conflict between Massachusetts law and Mexico, which it did not do. It took my representation that Connecticut would apply between Connecticut and Massachusetts as not indicating that Massachusetts interests shouldn't be considered. It acknowledged in its decision that there were three forms that had to be considered, Connecticut, Mexico, and Massachusetts, but in its decision, it dismissed Massachusetts interest because I had my indication that I wouldn't seek to apply Massachusetts law. That was wrong. If Massachusetts predominated, which I do think is the case in this case, then this court, the district court, could have applied Connecticut. It doesn't mean Massachusetts... Wasn't the only connection to Massachusetts is that the plaintiffs lived there? Well, I think that was a significant connection, and I think that the other part of that, if you do the analysis, is that the court ignored the fact that the place of the relationship between Massachusetts and Connecticut was not Mexico. The court said it was Mexico. Mexico was the site of the injury, but Starwood and Mr. Alpert had a long relationship. He was a member of their club. He vacationed with them every year. The contracts were signed there. The communications between them took place there. This was one vacation in 20 years of taking vacations with Starwood. The relationship was Massachusetts and or Connecticut, not Mexico. Excuse me. When you say taking vacations with Starwood, you mean going to a Starwood hotel? Or one operated by Starwood, correct. Yeah, but it's not like this is a personal friend. This is a corporate entity with operations around the world. I'm looking at what Judge Underhill wrote in response to your question. He said that there are a lot of American guests there, but applying Connecticut law, he focused on there, to tort claims that arose from events occurring in Mexico would undermine Mexico's sovereignty and its ability to regulate its resort industry. He's looking for a uniform rule that applying the law of the state of residence of individuals visiting in a foreign place would not promote uniformity, predictability, and wouldn't manage people's expectations appropriately. So it seemed to me that he did take into account the possibility of applying either Connecticut or Massachusetts law and dismissed them both for the same reason. I would disagree. I don't think he even addressed Massachusetts' interest in getting its clients. Massachusetts had two interests which he never addressed. One is Massachusetts has an interest when its residents stay in an American company's hotel and that it's going to have the same safety standards whether that American company is in the United States or it is in any other country. Second, it has an interest in its residents getting, being compensated properly. And in this case, Massachusetts, Mexico has significant bars to individuals obtaining compensation and that's the conflict. There are two cases in Connecticut that I think control here that the court really didn't address. Remember, this is a Connecticut choice of law, not federal common law. The two cases are O'Connor v. O'Connor and Jagay v. Vasquez. O'Connor v. O'Connor is a case where two individuals are in Quebec and they get into an accident. One is driving. Quebec has a no-fault law that would prohibit a personal injury action. Connecticut, lower court dismisses Connecticut and this is the first case where they apply the conflict says, no, we're not going to apply Quebec personal injury law just because the accident was there because Quebec has no interest in presenting its citizens the ability to bring an appropriate lawsuit. The opposite case, not the opposite, but a similar case that was a little bit different is Jagay v. Vasquez. Jagay v. Vasquez, two parties from New York who are employed in New York are in an accident. The accident takes place in Connecticut. Connecticut has a law in New York that the personal injury claim would be barred by workers' compensation. In Connecticut, there's an exception that allows you to sue the driver of the vehicle. The plaintiff brought the suit in Connecticut. The Supreme Court says, no, these are not residents of the place of the injury. The interest of the state where they are resident predominates. We have no interest, Connecticut has no interest in giving those water remedies to residents of other jurisdictions. Their policies don't. Let me ask you this question. Would the interest in applying Mexican law, if you had also sued the owner of the resort as opposed to the manager and the manager of Mexico, become more arguably predominant? In that case, Mexico has an interest in regulating and protecting its own companies and its own citizens. In many of the cases cited by the district court, there are Mexican entities involved. My case doesn't have that. We are not asking for a rule that anybody can come to Connecticut and sue Starwood and ask for American law to apply. Show me the implication of what you're saying is that if the exact same situation occurred with a different plaintiff, and that plaintiff had named the owner of the resort and the manager facilities, then with respect to the exact same accident, different law would apply. Well, there'd be a lot of differences. I'm not sure that that case would be heard here unless they could get jurisdiction. Again, I'm not going to argue. I think under that situation, certainly as to the Mexican entities, Mexican law would apply. Counsel, you've reserved three minutes for rebuttal. Conclude your sentence, and I will turn to Starwood. Thank you, Your Honor. May it please the court, Eric Niederer of Wilson-Elser on behalf of the under Hills decision is appropriate and required under the analysis of conflict of laws, using the restatement second, because number one, Mexico has the most significant interest in the subject matter and facts of this case is expressly prescribed in its laws, as well as its compelling economic interests, unlike Connecticut and Massachusetts, which have little to no as Chief Judge Underhill wrote, because the plans cannot prove every element of a claim arising from the incident, including causation. And I just want to touch upon some of the issues that the appellant's attorney rose. First off, with regards to Massachusetts, the court in its decision specifically addressed Massachusetts law. It correctly noted that none of the parties argued Massachusetts law should apply prior to the appeal. Regardless, the district court did address Massachusetts, whether it had the most significant interest, and it found that it did not. As Your Honor's pointed out, Massachusetts only nexus to this case is the domicile of the appellant who selected the form of Connecticut. The appellants neither supported what interest has in this matter, nor did they cite any Massachusetts law or case which expresses or asserts interest in the facts of this case, unlike Mexico, which has routinely and expressly asserted its interest in cases like the present one discussed more below. The only interest in applying Massachusetts law is that of the appellants in their attempt to select the most advantageous law for themselves, despite the numerous and significant context and interest of Mexico. With regards to- This is Judge Carney. There were two things you said I wanted to ask you about. One is, you said Mexico has routinely expressed its interest in having its law apply to cases like this, I guess tourism cases, is that right? That's correct, Your Honor. What are you referring to exactly? Mexico has a variety of laws where it has expressly asserted its jurisdictional sovereignty and its interest in cases involving tourist incidents, and specifically torts that occur on its soil. For example- Let me just interrupt for a second. Here we have a Connecticut-based defendant, and we don't have a Mexico-based entity. Why should those acts of legislation by Mexico have any bearing on this situation? The plaintiff chose the defendant in this case, and the defendant in this case has a management agreement with a Mexican entity. In fact, that management agreement, which is at issue in this case with regards to the various obligations of the defendants, with regards to the Mexican resort owner, specifically invokes Mexican law. In fact, if you look at the joint appendix on pages 312-367, and specifically at page 347, that's the Mexican choice of law provision regarding the agreement. The defendants were bound by Mexican law, and also the contract with regards to the services performed was under Mexican law. But that is the plaintiff's defendant. It may bear on what happens after there's an adjudication, but you have a Connecticut-based, two American parties litigating here. Well, as the appellants raised, they went to a Mexican resort. The claims that they made in this one, those activities, except for possibly one, all occurred at the Mexican resort. So the plaintiff, and as the district court raised in Spinoza, all of these issues relate back to the actions and the obligations in Mexico. And also, if your honors will refer to the case versus Hilton, that speaks to, even when the plaintiff sues all U.S. entities, there can still be Mexican interests involved. Well, let me ask you, what's your response to Mr. Chimes' argument about the import of the O'Connor case, which rejected applying Quebec law, Canadian law, for an exit that occurred there, and rejected overall the lex loci delicti approach to a choice of law in a tort context? Isn't that the law of Connecticut, and aren't we bound to apply that? Oh, absolutely. And in fact, the district court did not, despite the appellant's argument, did not apply lex loci delicti in its analysis. However, both the citizen of the tort and the actors under the restatement second. In O'Connor versus O'Connor, that is distinguishable from this case because the relationships, all the relationships between the parties resided in Connecticut. The only issue that was that issue in that case in the conflicts of law analysis is where the accident occurred. So that under a, and we agree, I believe all parties agree, and the court analyzed the restatement second on a factual, on the factor basis, not on the location of the tort for the accident. That's helpful. Thank you. Sure. Also, getting back to Mexico's interests, the only reason the plaintiffs were in Mexico was because of Mexican tourists. This is what the Mexican government desires and promotes, including its passage of the Federal Law of Tourism of 1984, which expressly states tourism is in its public interest. The plaintiffs criticized the district court holding tourism as a significant interest of Mexico in this case. However, the plaintiffs themselves cite an article by Professor Vargas, which states that tourism was the third highest source of income for Mexico, only behind the maintenance payments back to Mexico and oil, although with oil prices, that may have changed. How would the choice of law in this case affect the interests of Mexico in its tourism industry? Well, the most important aspect is, well, there's a few issues beyond just tourism, but specifically regarding tourism, we have a, as the judge pointed out, and as your honors have pointed out, this is an international hotel company. They have holdings, or I should say, relationships around the world, including Mexico. If you were to reverse the district court's decision in this case, that would violate the certainty, predictability, and uniformity of a and even though the resort owner is not a party to the case, if this case was reversed, their relationships would undoubtedly change. As I understand it, you were saying that if we were to reverse, it would affect the calculation of Starwood and other resort owners and managers around the world as to the profitability of investing in Mexico as a venue. Well, correct. Not only would it be the investment, but also the relationships between the various US entities and Mexican entities. Mexican entities may not want to take the burden of the US court system, considering potential indemnification, agency issues, subcontracting with signs, segregation, indemnification, etc. It would have a ripple effect across all aspects of the relationships that would also affect and center in Mexico for a case like this that arises from Mexico. Also, I don't want the factual issue lost in that this incident occurred on federal Mexican property or territory. The article 12 of the Federal Civil Code specifically speaks to the territoriality principle in that any tort that's committed on Mexican federal property, Mexican law must be the Mexican Federal Civil Code. There is no provision like that that is competing in Connecticut or Massachusetts law. So, where the plaintiff has cited some various cases out in California to try and criticize the Hernandez holding, California has a specific preemption analysis. Connecticut and Massachusetts do not have that. In fact, Mexico has affirmatively stated in both its tourism laws as well as its Federal Civil Code and even in Professor Vargas' hypothetical, which the plaintiff relies upon, all of that speech to Mexican law should apply. That Professor Vargas article was offered by the plaintiff. However, it's misapplied because there is no analysis in that hypothetical, either in fact pattern or analysis, with regards to liability or causation, even though the plaintiff appellants attempt to use that as to a causation argument. And if you read that article, which is not authoritative, unlike the articles that were cited both by the plaintiff and the plaintiff, that does not speak or negate the district court's holding on causation. Counsel, your time has expired. Thank you. Mr. Chimes, you're reserved. Yeah, I want to talk about the Mexican interest in tourism. First of all, there is no factual basis in the record to support that this would have any impact on tourism. There is an annual report from Starwood that I put into the record, which shows the huge revenues and the fact that it has no legal liability concerns of its international and South Latin American obligations. I don't think to the extent that there are any facts about the impact of Mexican tourism, it suggests that there would be no effect. In fact, American companies doing interstate and international business have to deal with different applications of the laws all the time. So once again, the tourism issue is overstated. I would point in my brief to the judge case and the grant case, which reject the tourism argument in favor of the argument that I'm making that Massachusetts interests in the providing safety for its citizens when they have a relationship with an American resort and providing a full remedy for its citizens if it's not provided in Mexico, which it is not outweighed that. I was just looking back at the district court opinion and the first one out of the motion to reconsider. And he says neither party argues that Massachusetts law should apply. Did you argue fully? Did you focus and present an argument to the district court that Massachusetts law should govern? And if so, where? I did it in my summary judgment brief. I did it fully in my motion for reconsideration. No, I meant the summary judgment, because I was reading from the summary judgment decision. And then he addresses that in saying that on your motion to reconsider, you argued that they failed, he failed properly to take into account. Yeah. And if you give me a moment, I can read you exactly what I argued because what I argued, but in your summary judgment motion to the district court, you argued Massachusetts law should apply. And in my motion for reconsideration, but what I did was what I said was that there's no conflict between Connecticut and Massachusetts. So if Massachusetts predominates, Connecticut law can still apply. That's where he took, I think erroneously, the idea that I wasn't arguing Massachusetts law apply. But that's very clear in my motion for summary judgment and crystal clear in my motion for reconsideration. I want to talk, really go to the, Mr. Nero talked about the analysis, but I want to talk about where the court's analysis is flawed because it did go through the analysis, but I think it was overstated or ignored were domicile of the parties where the court stated in this decision that Sheraton or Starwood was located in Mexico, which it was not. I mean, it's domicile under the law, it's Connecticut or Delaware place of incorporation. The court said only Mexico was the place of the relationship for the party. And that's completely inaccurate. As I indicated, there was a longstanding relationship. This was that they use the Starwood brand on all their vacations. The relationship for that was years before they went to Mexico. And again, this is the idea of of today. You're saying whoever has a Starwood account is building up points over the years that wherever they traveled around the world, they were entitled to have the law of their domicile governed. So Starwood would be in all its resorts around the world would be subject to law of Kentucky, Connecticut, whatever, wherever, just depending on where the visitor came from. Is that right? I'm saying that no, in this particular case, if you do the analysis, because what happens here is because it's only an American corporation and American plaintiff. And in Mexico, the areas of the conflict are comparative negligence and a much stricter causation standard, which are far the plaintiff, Mr. Alpert and his wife and much reduced damages in those cases, then the interest of the less loci is much less that's O'Connor and that's today. So because the strict or causation of the stricter comparative negligence and the significantly reduced damages and no loss of consortium in Mexico, Mexico has no interest in preventing these Massachusetts residents from bringing a claim against a Connecticut company to get the maximum benefits. So there could be other cases in different jurisdictions where the analysis is different. I just know in this one, those differences present my clients from bringing a claim. And what should gay and O'Connor say is Mexico's interest is much reduced when the claims none of its citizens or its residents are involved in the litigation. So again, there are other, there could be different areas of law where this comes out differently. But in this particular case, in this particular jurisdiction with these purely American entities, I think that's not true. Now, and under the restatement... Counselor, your time has expired. In conclusion, what do you want to say? In conclusion, I think that the court made significant errors in its analysis of Mexican versus Massachusetts law. I think that it would be, it's appropriate to reverse that and remand a trial on your American law. Thank you, Your Honor. Thank you both for reserved decision. That being the last case on our calendar, I will ask the clerk to adjourn court. Court then is adjourned. Rosemary, are you still there? Yes, Judge. I am moving you right now to the private room. Okay. I need to take a short break. I will be right back. Okay. Thank you.